**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **RIVERS AND HILLS HOSPITALITY GROUP, LLC,** § § § | | |
| *Plaintiff* § | | |
| § | | |
| v. § | **CIVIL NO. A-19-CV-00519-SH** | |
| § | | |
| **GTB RESTAURANT TEXAS, LLC, GARY WU, AN INDIVIDUAL, AND JESSICA WU, AN INDIVIDUAL,** § § § § | | |
| *Defendants* § | | |

## O R D E R

Before this Court are three Motions to Dismiss filed by Defendants GTB Restaurant Texas, LLC, Gary Wu, and Jessica Wu (collectively, "GTB"). On June 6, 2019 GTB filed a Motion to Dismiss Plaintiff Rivers and Hills Hospitality Group LLC's ("R&H") complaint pursuant to FED. R. CIV. P. 12(b)(6) (Dkt. No. 7). On October 23, 2019, GTB as Counter-Defendants filed a Motion to Dismiss fraud and negligent misrepresentation counterclaims brought by Counter-Plaintiffs R&H, Andy & Cherise LLC, Bespoke Only LLC, and Erika Chou (collectively, "RHHG") (Dkt. No. 24). On November 6, 2019, RHHG filed a response to GTB's Second Motion to Dismiss and First Amended Counterclaims (Dkt. Nos. 29, 30). Finally, on November 20, GTB filed a Motion to Dismiss the fraud and negligent misrepresentation counterclaims in RHHG's First Amended Counterclaims (Dkt. No. 31). The Court held an oral hearing on the motions on January 9, 2020.

Because RHHG amended its counterclaims after GTB filed its Motion to Dismiss the counterclaims for fraud and negligent misrepresentation, GTB's October 23, 2019 Motion to Dismiss (Dkt. No. 24) is **DISMISSED** as moot.

The Court proceeds to address GTB's Motion to Dismiss (Dkt. No. 7), its Motion to Dismiss the fraud and negligent misrepresentation counterclaims in RHHG's First Amended Counterclaims (Dkt. No. 31), and the related response and reply briefs.

## I. BACKGROUND

R&H has offered fast-food restaurant services under the mark LOTUS + CLEAVER since at least August 28, 2017. On December 22, 2017, R&H entered into an informal letter of intent with GTB, then operating a restaurant called General Tso'Boy at The Domain shopping center in Austin, Texas, to license its mark and convert its restaurant into a LOTUS + CLEAVER location. The restaurant opened on April 18, 2018, in the former General Tso'Boy space. GTB did not sign any of the formal licensing agreements offered by R&H but continued to use the LOTUS + CLEAVER mark. R&H sent GTB a cease-and-desist letter on February 15, 2019, and filed suit in this Court on May 14, 2019. In its Complaint, R&H alleges claims under the Lanham Act, 15 U.S.C. §§ 1117(a) and 1125, for trademark infringement, unfair competition, and false advertising. R&H seeks damages, attorneys' fees, and a permanent injunction against GTB's use of the LOTUS + CLEAVER mark pursuant to 15 U.S.C. § 1116.

GTB filed suit in state court a week after receiving the cease-and-desist letter, and RHHG removed GTB's suit to this Court on May 15, 2019. *See GTB Restaurant Texas LLC, Gary Wu, and Jessica Wu v. River [sic] and Hills Hospitality Group LLC, Andy & Cherise LLC, Doron Wong, Erika Chou, and Andy Wang*, Cause No. D-1-GN-19-970 (126th Dist. Ct. Travis County, Tex. February 22, 2019), which in this Court was given docket number 1:19-cv-523-RP. In its Amended Complaint, filed March 28, 2019 in state court, GTB asserts claims of fraud, breach of contract, negligence, breach of fiduciary duty, and a declaratory judgment that a partnership was formed among the parties. GTB seeks $200,000 to $1 million in damages and attorney fees.

On May 30, 2019, the Court granted the parties' Joint Motion to Consolidate (Dkt. No. 6).

On October 2, 2019, RHHG filed its First Amended Answer to GTB's Amended Complaint, asserting common-law counterclaims of defamation, business disparagement, breach of contract, unjust enrichment, fraud, and negligent misrepresentation (Dkt. No. 20). As mentioned above, RHHG amended its counterclaims on November 6, 2019 (Dkt. No. 29).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss an action for failure to state a claim on which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). The Supreme Court has explained that a complaint must contain sufficient factual matter "'to state a claim to relief that is plausible on its face.' A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

*Twombly*, 550 U.S. at 555 (internal quotations and citations omitted). "The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

3

## III. ANALYSIS

The Court will address in turn each of GTB's pending motions to dismiss.

### A. GTB's Motion to Dismiss R&H's Complaint

GTB contends that R&H's complaint fails to state a claim because it asserts claims based on ownership of a federal registration for the LOTUS + CLEAVER mark, but was filed while R&H's application to register the mark remained pending before the U.S. Patent and Trademark Office.

The parties do not dispute that Lanham Act Section 32, 15 U.S.C. § 1114, contains remedies for infringement of registered marks. The parties also agree, however, that R&H's Complaint does not cite that provision. Rather, the Complaint seeks recovery of damages under Lanham Act Section 35(a), 15 U.S.C. § 1117(a); an injunction pursuant to Lanham Act Section 34, 15 U.S.C. § 1116; and asserts claims for unfair competition and false advertising under Lanham Act Section 43, 15 U.S.C. § 1125, all of which apply to unregistered as well as registered marks. None of the claims R&H actually asserts in its Complaint are limited to registered marks. Accordingly, GTB's argument that R&H's claims are premised on registration of its mark is misplaced.

Because R&H's Complaint states a claim for relief, GTB's Motion to Dismiss (Dkt. No. 7) is **DENIED**.

### B. GTB's Motion to Dismiss RHHG's Fraud and Negligent Misrepresentation Counterclaims

In its Motion to Dismiss RHHG's first amended counterclaims for fraud and negligent misrepresentation, GTB asserts that (1) both of these counterclaims fail to meet the heightened pleading standard for fraud under FED. R. CIV. P. 9(b), and (2) the counterclaims are unsupported because GTB "could not have accepted or been bound by" a letter of intent between counter-defendants and R&H. Dkt. No. 31 at 2.

1. **Heightened Pleading Standard of Rule 9(b)**

Rule 9(b) imposes a heightened pleading standard on all claims sounding in fraud, requiring the pleader to "state with particularity the circumstances constituting fraud or mistake." Where, as here, fraud and negligent misrepresentation claims are based on the same set of alleged facts, the U.S. Court of Appeals for the Fifth Circuit imposes Rule 9(b)'s heightened pleading standard on both claims. *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 723 (5th Cir.) ("Although Rule 9(b) by its terms does not apply to negligent misrepresentation claims, this court has applied the heightened pleading requirements when the parties have not urged a separate focus on the negligent misrepresentation claims."), *opinion modified on denial of reh'g*, 355 F.3d 356 (5th Cir. 2003).

Although the Fifth Circuit applies Rule 9(b) to fraud complaints "with bite and without apology," it also has recognized that "Rule 9(b) supplements but does not supplant Rule 8(a)'s notice pleading" standard. *U.S. ex. rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185 (5th Cir. 2009) (internal quotation and citation omitted). Rule 9(b) "requires only simple, concise, and direct allegations of the circumstances constituting fraud, which after *Twombly* must make relief plausible, not merely conceivable, when taken as true." *Id.* at 186 (internal quotation marks omitted). In other words, it is not a plaintiff's burden at this stage of the proceedings to prove its claims. It merely must allege facts which, taken as true, make relief plausible. *See id.*

   a. **Fraud**

The elements of fraud under Texas law are: (1) a material representation was made; (2) the representation was false when made; (3) the speaker either knew it was false, or made it without knowledge of its truth; (4) the speaker made the representation with the intent that the other party should act on it; (5) the party acted in reliance; and (6) the party was injured as a result. *Coffel v. Stryker Corp.*, 284 F.3d 625, 631 (5th Cir. 2002) (citing *Formosa Plastics Corp. USA v. Presidio*

5

*Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998)); *see also In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001).

Pleading fraud with particularity requires a plaintiff to specify the "time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby." *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177-79 (5th Cir. 1997) (quoting *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994)) (stating that "articulating the elements of fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent"); *see also Shandong Yinguang Chem. Indus. Joint Stock Co. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010) ("Put simply, Rule 9(b) requires the who, what, when, where, and how to be laid out.") (internal quotations omitted); *United States ex rel. Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 453 (5th Cir. 2005). The Fifth Circuit has recognized that "[w]hat constitutes 'particularity' will necessarily differ with the facts of each case." *Benchmark Elecs.*, 343 F.3d at 724 (quoting *Guidry v. Bank of LaPlace*, 954 F.2d 278, 288 (5th Cir. 1992)).

Applying these standards to this case, the amended counterclaims identify the "how," alleging that GTB obtained RHHG's "funding, expertise, time, and proprietary information," as well as its intellectual property. Dkt. No. 29 at ¶ 33. Although disputed by GTB, RHHG also may sufficiently provide the "when and where," that is, the location and time frame during which the alleged false statements were made: December 2017 through June 2018 in Austin, Texas. *Id.* at ¶¶ 12-16.

Where the amended counterclaims clearly fall short, however, is in identifying the "who" and "what" with sufficient particularity. RHHG alleges only in general terms that "Counter-Defendants misrepresented their intention and general agreement to form a licensing agreement with R&H,"

*id.* at ¶ 33, without further identifying any specific statements made by Counter-Defendants Gary Wu or Jessica Wu, or on behalf of GTB Restaurants Texas, LLC.

The Court therefore **GRANTS** GTB's Motion to Dismiss RHHG's fraud counterclaim without prejudice.

  **b. Negligent Misrepresentation**

To establish a negligent misrepresentation claim under Texas law, a party must plead that: (1) the representation is made by the other party in the course of business, or in a transaction in which the other party has a pecuniary interest; (2) the other party supplies false information for the guidance of others in their business; (3) the other party did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the party suffers pecuniary loss by justifiably relying on the representation. *Matter of Life Partners Holdings, Inc.*, 926 F.3d 103, 123 (5th Cir. 2019) (quoting *Fed. Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991)).

The allegations in RHHG's amended counterclaims include the following:

> ¶ 12. On December 22, 2017, R&H and Counter-Defendants came to a mutual understanding to form a Licensing Agreement and open Lotus + Cleaver Austin (Letter of Intent or LOI). This LOI incorporated a licensing and management fee, totaling 8%. In reliance on the parties' multiple discussions with the Counter-Defendants about their general agreement to the terms of their business deal and use of the Lotus + Cleaver mark, R&H funded the new venture and began immediately working on operational plans, renovation construction, staffing and financial details. . . .
>
> ¶ 22. During this entire period, Counter-Defendants made material misrepresentations and omissions about their desire to actually sign and enter into the referenced Licensing Agreement. Counter-Defendants made such misrepresentations and omissions in order to induce R&H to: 1) expend financial resources to build, construct, and/or remodel the Austin, Texas restaurant location in the approximate amount of $100,000.00; 2) take on GTB's previous debts and obligations; and 3) extend a loan to Counter-Defendants

> in the amount of $10,000 to cover GTB's payroll. The loan amount remains due and owing. (footnote omitted.)
>
> ¶ 36. . . . Counter-Defendants made representations to [ ] Counter-Plaintiffs in a transaction in which the Counter-Defendants had an interest. Counter-Defendants[ ] provided false information with the intention that Counter-Plaintiffs rely on such information. Counter-Defendants failed to exercise reasonable care or competence in obtaining or communicating this information. Counter-Plaintiffs[ ] justifiably relied on Counter-Defendants' representations, which resulted in harm to Counter-Plaintiffs. Counter-defendant[s'] negligent misrepresentation proximately causing the Counter-Plaintiffs' injuries [sic].

The Court finds that RHHG's pleading meets the requirements of Rule 9(b) with respect to its negligent misrepresentation claim, alleging with particularity sufficient facts and circumstances for each element of negligent representation to make relief plausible. Specifically, in the paragraphs quoted above, RHHG alleges that GTB made a false representation in the course of each party's business that GTB would enter into a licensing agreement with RHHG, without exercising reasonable care or competence in obtaining or communicating the information. RHHG also alleges that it suffered a loss of some $110,000 by justifiably relying on that representation. Thus, GTB's Motion to Dismiss RHHG's negligent misrepresentation claim for failure to meet the heightened pleading standard of FED. R. CIV. P. 9(b) is **DENIED**.

### 2. Letter of Intent

The second basis for GTB's Motion to Dismiss appears to be grounded in a theory that the parties' letter of intent formed a contract, which may have been asserted by RHHG previously but is not in its amended counterclaims. *See* Dkt. No. 33 at 5; Dkt. No. 35 at 6. Because RHHG's fraud and negligent misrepresentation claims as pleaded are distinct from a contract claim, GTB's arguments that there was no offer or acceptance of the letter of intent are inapposite. GTB's Motion to Dismiss RHHG's negligent misrepresentation counterclaims for failure to state a claim pursuant to FED. R. CIV. P. 12(b)(6) is **DENIED**.

## IV. SUMMARY

As discussed above, the Court has made the following rulings:

(1) GTB's Rule 12(b)(6) Motion to Dismiss (Dkt. No. 7) is DENIED;

(2) GTB's First Rule 12(b)(6) Motion to Dismiss Fraud and Negligent Misrepresentation Counterclaims (Dkt. No. 24) is DISMISSED as MOOT; and

(3) GTB's Rule 12(b)(6) Motion to Dismiss the First Amended Fraud and Negligent Misrepresentation Counterclaims (Dkt. No. 31) is GRANTED IN PART AND DENIED IN PART. The Court GRANTS the Motion to Dismiss without prejudice with regard to RHHG's fraud counterclaim, but DENIES the Motion with regard to the negligent misrepresentation claim.

**SIGNED** on January 10, 2020.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE